## JANKOWSKI v. MAZZOTTA.

1. DAMAGES—BREACH OF CONTRACT—MENTAL ANGUISH.
   Damages for mental anguish as a result of breach of contract are allowable in certain cases.

2. SAME—TORTS—MENTAL ANGUISH.
   Mental suffering has been recognized as an element of damages in tort actions.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-8] 22 Am Jur 2d, Damages § 195,

3. Torts—Intentional Infliction of Mental Suffering.
   The intentional infliction of mental suffering is a tort in itself.

4. Damages—Breach of Contract—Mental Anguish.
   Damages are generally not allowed for mental anguish in breach of contract actions.

5. Same—Breach of Contract—Mental Anguish—Wanton or Reckless Misconduct—Personal Nature of Contract.
   Damages may be recovered for mental anguish as the result of breach of contract only where there has been wanton or reckless misconduct or where the contract is of a personal nature so that damages based merely on pecuniary losses would be unsatisfactory.

6. Same—Breach of Commercial Contract—Mental Anguish.
   Damages may not be recovered for mental anguish for the breach of a commercial contract merely because the breach may be vexatious or annoying to either of the contracting parties as such is the natural result of a breach of contract.

7. Same—Breach of Commercial Contract—Mental Anguish.
   No damages for mental anguish may be recovered for breach of a purely commercial contract involving only pecuniary loss which can be adequately compensated by recovery of the costs necessary to correct the situation.

8. Same—Motion to Strike—Breach of Commercial Contracts—Mental Anguish.
   Dismissal of that portion of defendants' counterclaim seeking damages for mental anguish as the result of plaintiff's failure to construct defendants' home in accordance with contract *held,* proper, since recovery of damages for mental anguish as the result of breach of contract is limited to situations where there has been wanton or reckless misconduct or where the contract is of a personal nature, recovery of damages for breach of a commercial contract being limited to pecuniary loss adequately compensable by allowing costs for correcting the situation.

Appeal from Wayne; Dingeman (Harry J., Jr.), J. Submitted Division 1 February 10, 1967, at Detroit. (Docket No. 2,476.) Decided August 1, 1967.

Complaint by Paul Jankowski against Edward B. Mazzotta and Elaine M. Mazzotta, also known as

Elaine M. Hacker, for the balance allegedly due plaintiff under a contract to construct a house for defendants, and for the cost of certain extras. Defendants filed a counterclaim for damages to cover the costs of defects in the house and for mental anguish as a result of plaintiff's failure to construct the house pursuant to the contract. Plaintiff's motion to strike that portion of defendants' counterclaim seeking damages for mental anguish was granted by the trial court. Defendants appeal. Affirmed.

*Raymond A. Regner,* for plaintiff.

*S. Lawrence Stein,* for defendants.

McGREGOR, J. The appellants engaged the appellee as the prime contractor to build their personal residence. The appellants aver that the appellee knew that they had long looked forward to completion of their own home, built to their own specifications. A contract was entered whereby the cost of the house was to be $47,900. This suit originated when the contractor sued to collect an unpaid balance of $6,900, less a credit due appellants of $500, in addition to extras, the cost of which totalled $7,607. The appellants denied liability for the extras and countersued on the theory that careless workmanship had caused a deviation from the specifications for the house, so as to cost $16,615, to make the house conform to the specifications, and that extreme mental anguish was incurred because of the breach of the building contract. As damages for the mental anguish, the appellants ask $25,000. The appellee then moved to amend his complaint to ask for damages for intentional mental anguish inflicted, a heart condition knowingly aggravated, and damages to his business reputation as a result of public

arguments and recriminations heaped upon him by the appellants.

This appeal concerns only the action of the trial court in allowing a pretrial motion to strike the portion of the pleadings in the countersuit which ask $25,000 damages for the mental anguish resulting from the breach of the building contract.

Damages for mental anguish have been allowed in breach of contract cases in the past. Further elaboration on Mr. Justice TALBOT SMITH's comprehensive history of such cases in *Stewart* v. *Rudner* (1957), 349 Mich 459, is unnecessary. Mental suffering has long been recognized as an element in tort actions, 2 Harper & James, Torts, § 25.10, at p 1321, and the infliction of intentional mental suffering is a tort in itself; *Frishett* v. *State Farm Mutual Automobile Insurance Co.* (1966), 3 Mich App 688. However, as a general rule, mental anguish is not allowed in breach of contract actions. 22 Am Jur 2d, Damages, § 195 at p 276. The cases allowing damages for mental anguish in contract breaches have been limited to situations where there has been wanton or reckless misconduct, Restatement, Contracts, § 341 at p 559, or where the contract is of a very personal nature. The case of *Stewart* v. *Rudner, supra,* is an example of a contract inherently personal in nature. It involved the breach of a contract to perform a Caesarean-section operation, where a baby was born dead by natural childbirth. Other typical cases which have allowed recovery for mental anguish for the breach of a contract have involved delicate personal matters such as the funeral arrangements for the earthly remains of loved ones. Restatement, Contracts, *supra,* comment a. In the typical classes of cases which have allowed recovery, it is not difficult to understand how damages based merely on pecuniary losses would be unsatisfactory.

In this case, however, it is difficult to see how the appellants cannot be fully compensated by allowing only for pecuniary losses. The bill of particulars filed by the appellants lists such items of dissatisfaction as the wrong paint used, floors stained to such an extent that replacement is desired, window screens not delivered, doors warped, et cetera. The merits of these claims are not before this Court, and we make no decision on the merits except that the alleged breaches of contract could be corrected by reworking or refinishing, and the appellants could be fully compensated without resort to damages for mental anguish. The distinction between this case and the cases which allowed recovery for mental anguish for breach of contract is that here the loss involved only the pecuniary loss of having to have the job done over, while in the cases allowing recovery the situation could never be adequately corrected. In cases allowing such recovery the court could not give life to a dead child, nor could the dignity of a spoiled funeral be restored. In every case of a contract breach, there is bound to be vexation and annoyance to one or both of the contracting parties. Whether such disappointment is real or imaginary, it is the natural result of a breach of contract. Recovery for such mental anguish, however, has been properly circumscribed within rather narrow limits by the precedents and rules of law applicable in Michigan. The appellants urge this Court to adopt the position favorable to their cause and adopted by one of our sister States in *Jack* v. *Henry* (Louisiana App, 1961), 128 So 2d 62. There, however, recovery was based on a statute not applicable in Michigan. It would be unwise for this Court to rely on a case based on a foreign statute, which is contrary to the precedents of Michigan.

The action of the trial court in allowing the striking of the request for damages for mental anguish

for the breach of this commercial contract to build a house is affirmed. Costs to appellee.

Levin, P. J., and Burns, J., concurred.