## CARADONNA *v.* THORIOUS

1. CONTRACTS—BUILDING—BREACH—MEASURE OF DAMAGES.

     The measure of damages where a building contract is sub-
     stantially complied with, and the building is adapted for the
     purpose for which it was constructed with only slight addi-
     tions or alterations required to finish the work according to
     the contract, the defects being remediable at a reasonable
     price and without interfering with the rest of the structure,
     is the sum that is necessary to make the building conform to
     the plans and specifications.

2. CONTRACTS—BUILDING—BREACH—MEASURE OF DAMAGES.

     The measure of damages for breach of a building contract where
     the defects are such that they cannot be remedied without
     demolition of the building, and where the building is worth
     less than if it had been built according to contract, is the
     difference between the value of the building as built and the
     reasonable value it would have had had it been built accord-
     ing to contract.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Building and Construction Contracts § 80.
     Measure of recovery by building contractor where contract is
     substantially, but not exactly, performed.  23 ALR 1435, 38
     ALR 1383, 65 ALR 1297.
[2, 3] 13 Am Jur 2d, Building and Construction Contracts § 76 *et
     seq.*  Cost of correction or completion, or difference in value,
     as measure of damages for breach of construction contract.  76
     ALR2d 805.
[4, 5] 13 Am Jur 2d, Building and Construction Contracts § 76 *et
     seq.*; 22 Am Jur 2d, Damages §§ 195–198.
[6] 22 Am Jur 2d, Damages § 245.
     Punitive or exemplary damages for breach of contract, other than
     contracts to marry and actions on statutory bonds.  84 ALR
     1345.
[7] 20 Am Jur 2d, Costs § 65.

3. CONTRACTS—BUILDING—BREACH—MEASURE OF DAMAGES.

An award of damages to a homeowner of more than the contract price for breach of a contract to rebuild a home which was mostly destroyed by a tornado suggests that the wrong measure of damages was applied.

4. DAMAGES—BREACH OF CONTRACT—MENTAL ANGUISH.

Damages may not be recovered by a homeowner for mental anguish caused by breach by contractor of a contract to construct a home.

5. DAMAGES—BREACH OF CONTRACT—MENTAL ANGUISH.

Damages may not be recovered for mental anguish for the breach of a commercial contract merely because the breach may be vexatious or annoying to either of the contracting parties as vexation and annoyance are the natural results of a breach of contract.

6. DAMAGES—PUNITIVE DAMAGES—BREACH OF CONTRACT.

Punitive damages may not be awarded even for a deliberate breach of contract except under special circumstances rarely present where the contract breached is an ordinary commercial contract, such as one for the construction or repair of a home.

7. COSTS—PREPARATION BY EXPERT WITNESS—DISCRETION OF COURT.

A trial court may authorize the allowance and taxation as costs of fees of an expert witness for preparation (CLS 1961, § 600.2164).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 December 4, 1968, at Detroit. (Docket No. 4,152.) Decided April 22, 1969.

Complaint by James V. Caradonna and Bridget Caradonna against John Thorious, Edward J. Weinberger, and Valerie Weinberger for breach of contract in the repair of their home. Judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Davidow & Davidow,* for defendants.

BEFORE: LEVIN, P. J., and HOLBROOK and ROOD,[*] JJ.

PER CURIAM. In 1964, a tornado caused extensive damage to plaintiffs' home. Defendant Thorious was recommended to plaintiffs as one qualified to undertake the necessary reconstruction and repairs. Thorious contracted to repair the home according to plans and specifications agreed upon. The price was $7,500 with payments to be made as the work progressed.

After defendant completed the repair, plaintiffs returned to their home. A total of $7,000 had been paid by plaintiffs.

Plaintiffs were dissatisfied with the work and defendants' refusal to correct alleged defects. Thereafter, they instituted this action for damages both compensatory and punitive.

Plaintiffs' expert witness, an architect, testified of many instances where the work performed by defendants deviated from the plans and specifications and from accepted standards of good workmanship and practice. For example, the paint didn't match; a bathtub smaller than specified was installed; specified electrical outlets were omitted; floors and walls were out of level; and ineffective basement and garage drainage was provided, to name but a few of the many flaws he noted in the work done by defendants.

Plaintiffs' expert witness also gave his opinion of the cost of repairing each item allegedly done improperly. The total amount was between $5,200 and $5,700. He further testified that the specifications called for a certain bedroom to be 16′ x 12′ while the bedroom as built measured by 16′ x 9′. He said the

---

[*] Circuit Judge, sitting on the Court of Appeals by assignment.

cost of enlarging the bedroom to its specified size would be $2,800.

The defendants claimed that they had properly performed the work. However, the trial judge chose to credit plaintiffs' testimony rather than the defendants'. The following appears from his opinion:

"The testimony adduced by the plaintiffs was direct, credible, and indicated that the description of the work done by the defendants as set forth in plaintiffs' pleadings was not exaggerated.

"The testimony adduced by the defendant on the other hand was in part utterly incredible and in other parts obviously evasive. The court was unable to attach credibility to the testimony offered by the defense."

While the trial judge's opinion indicates that he awarded punitive as well as compensatory damages, we are convinced that he did not actually award punitive damages.[1]

On appeal, defendants assert the denial of their motion for a jury trial was error. This contention is without merit as their motion made at trial came too late. GCR 1963, 508.2(1); GCR 1963, 508.4.

Defendants contend that the evidence did not support the judgment. We have carefully read the entire record. The record, coupled with the court's finding of a lack of credibility of defendants' witnesses, amply supports the judge's finding that defendants improperly performed the work.

---

[1] The opinion states that the damages awarded under Count I were $2,800. The damages awarded under Count I were described in the opinion as "punitive" damages. However, as previously stated, the testimony showed that the cost of enlarging the bedroom was $2,800, precisely the amount awarded under Count I, and that the rest of the damages were between $5,200 and $5,700, which is approximately the $5,300 damages awarded under Count II. We are persuaded from our review of the complaint, answer, testimony and the entire record that the use of the word "punitive" was a misnomer and that all the judge meant to award was compensatory damages according to the testimony.

As to the measure of damages, the rule has been stated as follows:

"The rule is that where the contract is substantially complied with, and the building is such a one as is adapted for the purpose for which it was constructed, and only slight additions or alterations are required to finish the work according to the contract, the defects being remediable at a reasonable expense, and without interfering with the rest of the structure, the measure of damages is such a sum as is necessary to make the building conform to the plans and specifications. But, where the defects are such that they cannot be remedied without the entire demolition of the building, and the building is worth less than it would have been if constructed according to the contract, the measure of damages is the difference between the value of the building actually tendered, and the reasonable value of that which was to be built." *Gutov* v. *Clark* (1916), 190 Mich 381, 387.

See, also, 5 Corbin on Contracts, §§ 1089–1091; Restatement, Contracts, § 346; Anno: Cost of correction or completion, or difference in value, as measure of damages for breach of construction contract, 76 ALR2d 805.

The tornado left little of the plaintiffs' home standing. The defendants substantially rebuilt plaintiffs' home. The extent of the repairs and the fact that the damages awarded by the trial judge, $8,100, exceed the contract price of $7,500 (of which $500 remains unpaid) suggests that an incorrect rule of damage may have been applied in assessing plaintiffs' damages. We have reviewed the record and are persuaded that it is likely that an excessive amount was awarded and, for that reason, remand solely for a redetermination of plaintiffs' damages.

Under Count I of the amended complaint plaintiffs seek recovery for mental anguish caused by the defendants' breach of contract. We recently held,

however, that such damages may not be recovered by a homeowner for breach by the contractor of a contract to construct a home. *Jankowski* v. *Mazzotta* (1967), 7 Mich App 483, 487, where we said:

"In every case of a contract breach, there is bound to be vexation and annoyance to one or both of the contracting parties. Whether such disappointment is real or imaginary, it is the natural result of a breach of contract."

Under Count II of the amended complaint the plaintiffs seek punitive damages. They allege that the defendants represented that the defendant partnership was a licensed residential building contractor which had the necessary experience and competence to repair and refurbish their home. It is also alleged that the defendants were under a common-law duty to exercise care and to avoid gross negligence in the performance of the contract. It is further alleged that the contract was performed in a grosssly negligent manner and that the defendants' breach was deliberate and, thus, plaintiffs are entitled to punitive damages. We hold that the allegations in plaintiffs' complaint are insufficient to permit a punitive damage recovery. The complaint does not allege a tort independent of the breach of contract. Punitive damages may not be awarded even for a deliberate breach of contract except under special circumstances rarely present when the contract breached is an ordinary commercial contract, such as one for the construction or repair of a home. McCormick on Damages, § 81, pp 290, 291; Restatement of Contracts, § 342, p 561; 22 Am Jur 2d, Damages, § 245, p 337; 11 Williston on Contracts (3d ed), § 1340, p 209; 5 Corbin on Contracts, § 1077, p 437.

We now advert to a question that may again arise following the hearing on remand. The court taxed as costs an expert witness fee for plaintiffs' archi-

tect. The amount taxed included a portion for the architect's preparation for trial. CLS 1961, § 600-.2164 (Stat Ann 1962 Rev § 27A.2164), as interpreted in *Gundersen* v. *Village of Bingham Farms* (1965), 1 Mich App 647, authorizes the allowance and taxation as costs for preparation by an expert witness.

The judgment of the trial court is reversed and the cause remanded for a redetermination of plaintiffs' damages in manner consistent with this opinion. Punitive damages shall not be allowed. The parties shall be offered an opportunity to add to the record thus far made.

No costs, plaintiffs not having filed a brief.