GROH v BROADLAND BUILDERS, INC

Docket No. 53506. Submitted March 17, 1982, at Detroit.—Decided October 6, 1982.

Barbara Groh and her husband entered into a contract with Broadland Builders, Inc., whereby Broadland would construct a new home for the Grohs. Four years after taking possession of the home, Barbara Groh brought an action against Broadland in Macomb Circuit Court alleging breach of contract, breach of implied warranty, negligence and fraud and seeking to recover, in part, exemplary damages and damages for mental anguish. Plaintiff withdrew the fraud count at trial and the court, John G. Roskopp, J., directed a verdict in favor of defendant on the breach of contract and breach of implied warranty counts. The jury returned a verdict of no cause of action against plaintiff on the negligence count. The court thereafter denied plaintiff's motion for a new trial. The Court of Appeals reversed the trial court's order denying the motion for new trial and remanded the case for a new trial on the breach of contract and breach of implied warranty claims. Defendant filed motions to strike allegations in plaintiff's complaint regarding exemplary or mental anguish damages. The motion to strike allegations regarding exemplary damages was granted, but the motion to strike allegations regarding mental anguish damages was denied. Defendant's subsequent motions for rehearing and for summary judgment as to the mental anguish damages were also denied. Defendant appeals by leave granted. *Held:*

1. Plaintiff's complaint contains no factual allegations from which a trier of fact could reasonably infer that damages for mental anguish resulting from possible breach of contract were within the contemplation of the parties at the time the contract was made. Damages for mental anguish due to breach of contract are therefore not recoverable.

2. There is no claim of physical injury to any person nor is there any fact alleged from which it can reasonably be inferred

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 22 Am Jur 2d, Damages § 56 *et seq.*
[2, 4] 22 Am Jur 2d, Damages § 195.
[3, 4] 17 Am Jur 2d, Contracts § 293.

that damages for mental anguish were within the contemplation of the parties at the time of the contract. Damages for mental anguish cannot be recovered upon a theory of implied warranty where such injury would not be compensable under a theory of contract or tort.

Reversed.

1. CONTRACTS — DAMAGES.

Damages recoverable for breach of contract are generally those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made.

2. CONTRACTS — COMMERCIAL CONTRACTS — DAMAGES.

Damages for breach of a commercial contract generally are limited to the monetary value of the contract had the breaching party fully performed under it; thus, as a general rule damages for mental distress cannot be recovered in an action for breach of contract.

3. CONTRACTS — HOUSES — IMPLIED WARRANTY OF FITNESS.

The concept of implied warranty of fitness has been extended to the purchase of new family dwelling houses in Michigan.

4. CONTRACTS — HOUSES — IMPLIED WARRANTY OF FITNESS — BREACH OF WARRANTY — DAMAGES — MENTAL ANGUISH.

Mental anguish damages may be recoverable in an action brought against a contractor by a homeowner under a theory of breach of implied warranty of fitness where someone has been physically injured as a result of the contractor's breach of the implied warranty of fitness or where it can be reasonably inferred that damages for mental anguish were within the contemplation of the parties at the time the contract between the contractor and the homeowner was entered into; however, such damages should not be allowed where they would not otherwise be reasonable for breach of contract or tort.

*Schaden & Heldman* (by *Victoria C. Heldman),* for plaintiff.

*Peter H. Mytnyk,* for defendant.

Before: BRONSON, P.J., and CYNAR and J. R. ERNST,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This matter is before us on appeal by leave granted, arising out of plaintiff's claim for damages for mental anguish resulting from alleged breach of contract and breach of implied warranties in the sale of a new home.

In 1968, defendant Broadland Builders, Inc., entered into a contract with plaintiff, Barbara Groh, and her husband, for the construction of a new home, including a septic tank disposal system. The structure was completed and occupied by plaintiff and her family in the following year.

Four years later the septic system began to malfunction and subsequently plaintiff brought an action against defendant for breach of contract, breach of implied warranty, negligence and fraud, and seeking to recover, in part, exemplary damages and damages for mental anguish.

At trial, plaintiff withdrew the fraud count and the trial court directed a verdict in defendant's favor on the breach of contract and breach of implied warranty counts. The jury returned a verdict of no cause of action against plaintiff on the remaining negligence count.

On July 20, 1978, this Court reversed the trial court's order denying plaintiff's motion for a new trial and remanded this case for a new trial on plaintiff's breach of contract and breach of implied warranty claims.

Defendant then filed a motion to strike any allegations in plaintiff's complaint regarding exemplary or mental anguish damages associated with the breach of implied warranty or breach of contract claims on the ground that such damages are not recoverable in such actions as a matter of law. The trial court granted defendant's motion, striking allegations pertaining to exemplary damages, but denied the motion with respect to mental

anguish damages. Defendant's subsequent motion for rehearing and motion for summary judgment as to the mental anguish damages were also denied.

This Court then granted defendant's application for leave to appeal the trial court's orders on January 20, 1981.

We note at the outset that plaintiff makes no claim of illness or physical injury arising out of defendant's alleged breach of contract or implied warranty. Thus, plaintiff has not met the threshold for recovery of damages for mental anguish, either as "parasitic damages" incident to immediate physical injury, or as a mental disturbance resulting in immediate physical injury. See *Daley v LaCroix,* 384 Mich 4; 179 NW2d 390 (1970); *Toms v McConnell,* 45 Mich App 647; 207 NW2d 140 (1973). Plaintiff seeks to recover for mental anguish as a wholly separate and independent item of damages attributable to defendant's breach.

Since plaintiff's claim is premised on the dual theories of breach of contract and breach of implied warranty, we must perforce consider whether independent damages for mental anguish may be recovered under either theory.

The general rule is that damages recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made. *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854); 5 Corbin, Contracts, § 1007, pp 70-73; *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980).

"Application of this principle in the commercial contract situation generally results in a limitation of damages to the monetary value of the contract had the breaching party fully performed under it. Thus, it is

generally held that damages for mental distress cannot be recovered in an action for breach of a contract." *Kewin, supra,* pp 414-415.

In *Jankowski v Mazzotta,* 7 Mich App 483; 152 NW2d 49 (1967), and *Caradonna v Thorious,* 17 Mich App 41; 169 NW2d 179 (1969), this Court held that damages for mental anguish may not be recovered by a homeowner for the breach by a contractor of a commercial contract to construct a home. The Court in *Jankowski* specifically considered and distinguished those breach of contract cases which have allowed damages for mental anguish, as exemplified by *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957), from situations involving breach of contract to construct a home. In *Jankowski, supra,* p 487, this Court stated:

"[I]t is difficult to see how the appellants cannot be fully compensated by allowing only for pecuniary losses. * * * [T]he alleged breaches of contract could be corrected by reworking or refinishing, and the appellants could be fully compensated without resort to damages for mental anguish. The distinction between this case and the cases which allowed recovery for mental anguish for breach of contract is that here the loss involved only the pecuniary loss of having to have the job done over, while in the cases allowing recovery the situation could never be adequately corrected. In cases allowing such recovery the court could not give life to a dead child, nor could the dignity of a spoiled funeral be restored. In every case of a contract breach, there is bound to be vexation and annoyance to one or both of the contracting parties. Whether such disappointment is real or imaginary, it is the natural result of a breach of contract. *Recovery for such mental anguish, however, has been properly circumscribed within rather narrow limits by the precedents and rules of law applicable in Michigan."* (Emphasis added.)

The present complaint contains no factual allegations from which a trier of fact could reasonably infer that damages for mental anguish resulting from possible breach of contract were within the contemplation of the parties at the time the contract was made.

Turning to plaintiff's claim for recovery of damages for mental anguish due to defendant's breach of implied warranty, we note that generally recovery under an implied warranty theory has been predicated on both principles of contract and concepts of tort, originally developing under the law relating to sales and the more recently recognized field of product liability.

"The substitution of the doctrine of implied warranty of fitness for that of *caveat emptor* in the field of personal property has been firmly imbedded in our jurisprudence since the Uniform Sales Act and the recent adoption of the Uniform Commercial Code. Until recently, however, the doctrine of *caveat emptor* has continued to be almost universally applied to the sale of real property, see 78 ALR2d 446 (Annotation). However, in the past ten years, eight states have moved away from the theory of *caveat emptor* and have adopted some form of implied warranty in the sale of new family dwelling houses." *Weeks v Slavik Builders, Inc,* 24 Mich App 621, 624; 180 NW2d 503 (1970).

As noted at 67 Am Jur 2d, Sales, § 744, p 963:

"The broad and comprehensive rule as to the damages recoverable for breach of warranty has been that the buyer was entitled to recover from the seller only the damages which were reasonably supposed to have been contemplated or foreseen by the parties at the time the warranty was made, as the probable result of the breach. A more detailed and elaborated rule which has often been stated was that the damages recoverable by the buyer for breach of warranty should be such as

might fairly and reasonably be considered either arising
naturally, or according to the usual course of things,
from such breach of warranty itself, or such as might
reasonably be supposed to have been in the contempla-
tion of both parties, at the time they made the war-
ranty, as the probable result of its breach." (Footnotes
omitted.)

This Court's decision in *Weeks, supra,* affirmed
at 384 Mich 257; 181 NW2d 271 (1970), extended
the concept of an implied warranty of fitness from
the field of personal property to the purchase of
new homes in Michigan. In *Weeks,* this Court
particularly cited *Schipper v Levitt & Sons, Inc,* 44
NJ 70; 207 A2d 314 (1965), which allowed a claim
for personal injury based on breach of implied
warranty of fitness of purpose incident to the
purchase of a new home.

As previously noted, however, there is no claim
of physical injury to any person in the present
case nor is there any fact alleged from which it
can reasonably be inferred that damages for men-
tal anguish were within the contemplation of the
parties at the time of the contract. Plaintiff has
cited no authority which would support a holding
on our part that mental anguish damages may be
recovered under a theory of breach of implied
warranty when such damages would not otherwise
be compensable for breach of contract, *Jankowski,
supra,* or tort, *Daley, supra.* Nor are we persuaded
that the criterion for recovery of damages for
mental anguish under a theory of breach of im-
plied warranty should be extended beyond those
well-established parameters under theories of con-
tract or tort.

We recognize that in *B & M Homes, Inc v
Hogan,* 376 So 2d 667 (Ala, 1979), cited by plaintiff,
the court held that the plaintiff could recover

damages for mental anguish due to the defendant builder's breach of contract to build plaintiff's home, as well as for breach of implied warranty to build the home in a workmanlike manner.

On the other hand, in *Rogowicz v Taylor & Gray, Inc,* 498 SW2d 352 (Tex Civ App, 1973), the court held that mental anguish damages were not recoverable, as a general rule, in an action for breach of contract in the construction of a new home, nor were such damages recoverable under a theory of breach of implied warranty.

We are not convinced that a contract for the construction of a home is of any more personal nature than a contract for payment of disability income protection insurance, *Kewin, supra,* nor that departure from this Court's previous decisions in *Jankowski, supra,* and *Caradonna, supra,* is either proper or wise. Accordingly, we conclude that plaintiff's claims for damages for mental anguish should be dismissed.

Reversed.