CHRUM v CHARLES HEATING & COOLING, INC

Docket No. 57660. Submitted June 9, 1982, at Grand Rapids.—Decided November 2, 1982.

Plaintiffs Anthony M. Chrum and Margaret G. Chrum purchased a furnace from the defendant, Charles Heating & Cooling, Inc., which the defendant installed. Thereafter, the furnace caused a fire which destroyed the Chrums' home and its contents. There were no physical injuries. Mr. and Mrs. Chrum were insured by plaintiff State Farm Fire & Casualty Company, who paid the Chrums $43,782.49 as a result of the fire. The plaintiff insurer then commenced an action against defendant seeking subrogation. The Chrums then filed a separate action seeking additional compensation for economic loss, alleging negligence in installation with resulting emotional distress, fright, mental anguish, and loss of income. The two actions were consolidated by the Muskegon Circuit Court, Ronald Pannucci, J., who, thereafter, denied defendant's motion for partial summary judgment with respect to the Chrums' emotional distress claim. The remaining claims against defendant were dismissed following a settlement, leaving only the mental distress claim. Defendant appeals, by leave granted, from the trial court's denial of the motion for partial summary judgment. *Held:*

1. The installation of the furnace was the result of a commercial contract and did not involve matters of mental concern and solicitude. The injury suffered by the Chrums was to property and not to persons. The general rule, that damages recoverable for breach of contract are generally limited to damages arising

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 56.
[2, 4, 5] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 35.
Mental anguish as element of damages in action for breach of contract to furnish goods. 88 ALR2d 1367.
[3, 4, 6] 22 Am Jur 2d, Damages § 195.
[6] 22 Am Jur 2d, Damages § 49.
[7] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 23.
[8] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 24.
[9] 61A Am Jur 2d, Pleading § 230.
73 Am Jur 2d, Summary Judgment § 29.

naturally from the breach or contemplated by the parties at the time the contract is made and that damages for mental distress are not recoverable in an action for breach of a commercial contract, and the exception to the general rule, allowing damages for mental distress where the contract breached is a personal agreement involving matters of mental concern and solicitude, do not authorize damages for mental distress in this case.

2. The only grounds upon which damages for mental distress are recoverable in a breach of a commercial contract case is where the plaintiff alleges tortious conduct, independent of any breach of the commercial contract.

3. The Chrums' complaint is inadequate to support an independent claim for mental distress in tort. However, the order is reversed and the case is remanded to give the Chrums an opportunity to amend their pleadings.

Reversed and remanded.

1. DAMAGES — CONTRACTS.

Damages recoverable for breach of contract are generally limited to damages arising naturally from the breach or contemplated by the parties at the time the contract is made.

2. DAMAGES — MENTAL DISTRESS — COMMERCIAL CONTRACTS.

Damages for mental distress are not recoverable in an action for breach of a commercial contract, however, damages for emotional suffering are recoverable where the contract breached is a personal agreement involving matters of "mental concern and solicitude" where deep, personal human relations are involved.

3. DAMAGES — MENTAL DISTRESS — CONTRACTS — INJURY TO PERSON.

Damages for mental distress are generally allowed in breach of contract actions where the injury suffered is to the person; where property loss is involved, recovery is generally not allowed for mental distress in breach of contract actions.

4. DAMAGES — MENTAL DISTRESS — TORTIOUS CONDUCT.

The only grounds upon which damages for mental distress are recoverable in a breach of a commercial contract case is where the plaintiff alleges tortious conduct, independent of any breach of the commercial contract, or where the contract breached is a personal agreement involving matters of "mental concern and solicitude".

5. CONTRACTS — COMMERCIAL CONTRACTS — ACTIONS — INSTALLATION
   OF FURNACES.

   The installation of a furnace as well as other home improvements
   clearly arise by commercial contract and do not involve mat-
   ters of mental concern and solicitude.

6. ACTIONS — CONTRACTS — TORTS — DAMAGES — MENTAL DISTRESS.

   The unskilled performance of a contract may give rise to an
   independent tort action and may be a basis for damages for
   mental distress.

7. NEGLIGENCE — EMOTIONAL DISTRESS — PHYSICAL INJURY — PHYSI-
   CAL CONTACT — DAMAGES.

   A plaintiff, in a properly pleaded and proved action, may recover
   damages for physical consequences to himself where a definite
   and objective physical injury is produced as a result of emo-
   tional distress proximately caused by defendant's negligent
   conduct, notwithstanding the absence of any physical impact
   upon plaintiff at the time of the mental shock.

8. NEGLIGENCE — EMOTIONAL DISTRESS — STANDARD OF CONDUCT.

   A defendant's standard of conduct in an action to recover dam-
   ages for objective physical injury produced as a result of
   emotional distress proximately caused by the defendant's negli-
   gent conduct is measured by reactions to be expected of normal
   persons and, absent specific knowledge of plaintiff's unusual
   sensitivity, there should be no recovery for hypersensitive
   mental disturbance where a normal person would not be af-
   fected under the circumstances.

9. ACTIONS — MOTIONS — SUMMARY JUDGMENT — AMENDMENT OF
   PLEADINGS — COURT RULES.

   The court rule regarding motions for summary judgments pro-
   vides that a party to an action shall be given an opportunity to
   amend his pleadings as provided by the statute concerning
   amended or supplemental pleadings, unless the evidence then
   before the court shows amendment would not be justified (GCR
   1963, 117.3).

*Kenneth R. Lampe,* for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Lance R.
Mather),* for defendant.

Before: D. F. WALSH, P.J., and ALLEN and T. GILLESPIE,* JJ.

T. GILLESPIE, J. In November 1978, Mr. and Mrs. Chrum (hereinafter plaintiffs) purchased a furnace from the defendant, Charles Heating & Cooling, Inc., which the defendant agreed to, and did, install.

On April 11, 1979, the furnace caused a fire which destroyed the plaintiffs' home and its contents. There were no physical injuries. Mr. and Mrs. Chrum were insured by plaintiff State Farm Fire & Casualty Company, who paid the Chrums $43,782.49 as a result of the loss.

State Farm Fire & Casualty Company commenced an action against Charles Heating & Cooling, Inc., on October 17, 1979, seeking subrogation. On December 10, 1979, Mr. and Mrs. Chrum filed a separate action seeking additional compensation for economic loss, alleging negligence in installation. The complaint alleged that the defendant "carelessly, recklessly and negligently" installed the furnace and:

"9. That as a direct and proximate result of defendant's negligence and breach of implied warranties, plaintiffs have suffered loss of their home, household effects and personal belongings. In addition, plaintiffs have suffered emotional distress, fright, mental anguish and loss of income."

The action brought by the Chrums was consolidated with the action brought by State Farm. Defendant moved for partial summary judgment, pursuant to GCR 1963, 117.2(1), with respect to plaintiffs' emotional distress claim. The trial court denied defendant's motion, stating:

* Circuit judge, sitting on the Court of Appeals by assignment.

"It would be the court's opinion that it is more personal to the purchasers than it would be commercial. We're not talking about a contract to pay money. We're talking about a thing—at least in Michigan— which is essential for life—at least in the months of November through March. Without it, we could not live. It therefore becomes noncommercial, and not in any way commercial to the pecuniary interests of the purchasers.

"It is likely that if—most reasonable people, at least, would likely conclude that a furnace is a potentially dangerous item. It can blow up. It can cause fires. I'm sure there's all sorts of other things that can happen as a result of a defective furnace, which not only could cause total destruction of what could be a married couple's property, but it could be their total economic picture—their total marital estate—which, today, normally is a home and all their furniture; and it would be reasonable for this court to conclude that someone selling a furnace understands the potential and foresees the fact that if there are problems or difficulties with the furnace, they could be totally disruptive to the purchaser's life; and if someone were to lose their home, all their contents, all their personal belongings, that certainly would be likely to cause a great deal of emotional distress, and mental anguish would have to necessarily result."

The remaining claims against defendant were dismissed following a settlement, leaving only the mental distress claim. By order entered August 7, 1981, defendant's application for leave to appeal the trial court's denial of the motion for partial summary judgment was granted.

The law governing damages for mental distress in contract cases was enunciated by the Michigan Supreme Court in the case of *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980), *reh den* 409 Mich 1116 (1980). In that case, the Supreme Court relied upon the rule of *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145

(1854), and held that damages recoverable for breach of contract are generally limited to damages arising naturally from the breach or contemplated by the parties at the time the contract is made. Where an action is for a breach of a commercial contract, damages for mental distress are not recoverable.

The Supreme Court in *Kewin* recognized a general exception to the above rule, developed in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). In *Stewart,* plaintiff sued her doctor for breach of an agreement to deliver her child by Caesarean section, alleging that his breach resulted in the stillbirth of her child. The Court allowed damages for mental distress, holding that where the contract breached is a personal agreement involving matters of "mental concern and solicitude", damages for emotional suffering are recoverable. 349 Mich 471. See also *Avery v Arnold Home, Inc,* 17 Mich App 240; 169 NW2d 135 (1969), allowing damages for failure of a nursing home to notify plaintiff of his mother's impending death, and *Allinger v Kell,* 102 Mich App 798; 302 NW2d 576 (1981), allowing damages for a funeral director's mutilation of the body of plaintiffs' murdered daughter. Earlier cases, both for and against granting damages for mental distress, were carefully compiled and analyzed by Judge ALLEN in this Court's opinion in *Kewin v Massachusetts Mutual Life Ins Co,* 79 Mich App 639; 263 NW2d 258 (1977), in which he invited Supreme Court discussion and harmonization of several views.

Generally, and as evidenced by the above-cited cases, damages for mental distress are allowed where the injury suffered is to the person. This Court has considered another line of cases, where damages for mental distress in breach of contract

actions were sought for injuries to property. Plaintiffs in these cases have been uniformly unsuccessful. See *Jankowski v Mazzotta,* 7 Mich App 483; 152 NW2d 49 (1967), where damages for mental distress were sought for defendant's failure to conform a house to specifications; *Caradonna v Thorious,* 17 Mich App 41; 169 NW2d 179 (1969), involving damages for mental distress in a dispute over rebuilding a tornado damaged home; *Scott v Hurd-Corrigan Moving & Storage Co, Inc,* 103 Mich App 322; 302 NW2d 867 (1981), *lv den* 412 Mich 881 (1981), where damages for mental distress were sought for a storage company's wrongful sale of plaintiff's household goods.

Still another line of cases denying damages for mental distress in breach of contract cases involves intangible claims such as failure to pay insurance claims and breach of employment contracts. See *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171; 318 NW2d 679 (1982); *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636; 302 NW2d 260 (1981), *lv den* 411 Mich 1079 (1981); *Jerome v Michigan Mutual Automobile Ins Co,* 100 Mich App 685; 300 NW2d 371 (1980); *Fisher v General Telephone Co of Northwest, Inc,* 510 F Supp 347 (ED Mich, 1980).

These illustrative cases demonstrate that the rule of *Stewart* applies where deep, personal human relations are involved. Where property loss is involved, the courts have generally not allowed recovery for mental distress in breach of contract actions. One's property can be lost on a public carrier, in a fire, or as the result of a bailment and, under *Kewin,* damages for mental distress will not be recoverable. Other than the *Stewart* exception, the only grounds upon which damages for mental distress are recoverable in a breach of

contract case is where plaintiff alleges tortious conduct, independent of any breach of the commercial contract.

In this case, plaintiffs seek to bring their mental distress claim for damages within the purview of the *Stewart* exception. However, the installation of a furnace a well as other home improvements clearly arise by commercial contract and do not involve matters of mental concern and solicitude. The injury suffered by plaintiffs was to property and not person. Neither the *Stewart* exception nor the general rule of *Kewin* authorize damages for mental distress in this case.

We must next examine whether plaintiffs' complaint sufficiently pleads an independent tort, allowing for damages for mental distress under a theory of tort rather than contract.

In *Hart v Ludwig,* 347 Mich 559, 564-565; 79 NW2d 895 (1956), the Supreme Court held that the unskilled performance of a contract may give rise to an independent tort action and may be a basis for damages for mental distress.

The case of *Daley v LaCroix,* 384 Mich 4; 179 NW2d 390 (1970), clarifies the law of Michigan governing damages for mental distress in tort actions, as *Kewin* does in contract actions. In that case, the defendant's vehicle ran off the road, shearing a utility pole which snapped a number of high voltage lines. These voltage lines, in turn, tangled with electrical lines leading to the plaintiffs' house, causing an electrical explosion in their home. Plaintiffs sued for mental distress resulting from the accident though no direct physical injury occurred to either of them, except for emotional disturbance and traumatic neurosis.

The Court in *Daley* overturned the rule previously recognized in Michigan which required some

impact on the plaintiff before damages for mental distress could be recovered. The Court prospectively laid down the rule as follows:

"We hold that where a definite and objective physical injury is produced as a result of emotional distress proximately caused by defendant's negligent conduct, the plaintiff in a properly pleaded and proved action may recover in damages for such physical consequences to himself notwithstanding the absence of any physical impact upon plaintiff at the time of the mental shock.

"The rule we adopt today is, of course, subject to familiar limitations.

"Generally, defendant's standard of conduct is measured by reactions to be expected of normal persons. Absent specific knowledge of plaintiff's unusual sensitivity, there should be no recovery for hypersensitive mental disturbance where a normal individual would not be affected under the circumstances." 384 Mich 12-13.

The complaint in the case before us was designed to fall under the rule of *Stewart,* acknowledged and accepted in *Kewin* as an exception to the rule that damages for mental distress are not allowed in contract cases. This pleading is inadequate to support an independent claim for mental distress in tort. However, under GCR 1963, 117.3, "[e]ach party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified".

Reversed and remanded for further proceedings in light of this opinion.