FRANKENMUTH MUTUAL INSURANCE COMPANY v KEELEY
(ON REHEARING)

Docket No. 81566. Argued March 7, 1990 (Calendar No. 11). Decided
    September 26, 1990.

    Joey G. Boone brought an action in the Genesee Circuit Court
    against Charles Keeley and Wilma Keeley, his mother, for
    injuries sustained as a result of gunshot wounds inflicted by
    Charles, which rendered him quadriplegic. At the time of the
    shooting, Charles Keeley was insured by Frankenmuth Mutual
    Insurance Company under Wilma's contract of insurance. On
    the same date, Frankenmuth sought a judgment declaring that
    the shooting was not covered under the policy because it was
    expected or intended from the standpoint of the insured. Boone
    and the Keeleys counterclaimed, charging that Frankenmuth
    had refused in bad faith to settle the claim and had fraudu-
    lently and deceitfully misrepresented the policy limit.

    The court, Earl E. Borradaile, J., determined that Franken-
    muth was responsible under the policy, found that both parties
    were equally negligent, and entered judgment for one-half the
    jury's verdict. Thereafter, Boone and the Keeleys brought an
    action to have their counterclaims against Frankenmuth
    brought to trial. The court awarded Mrs. Keeley attorney fees
    and ruled that Frankenmuth had exhibited bad faith in failing
    to settle the case, but held that any damages owed to Charles
    Keeley with respect to Frankenmuth's breach of its duty to
    settle were necessarily limited to the amount that the injured
    party would have been able to recover from Charles Keeley
    absent the insurance coverage.

    The Court of Appeals, WEAVER, P.J., and MICHAEL J. KELLY
    and J. R. KIRWAN, JJ., affirmed in an unpublished opinion per
    curiam, but remanded the case for a determination of the
    extent of Charles Keeley's assets not exempt from legal process
    and for entry of judgment against Frankenmuth in that
    amount (Docket No. 89615). The Supreme Court reversed and

REFERENCES

Am Jur 2d, Insurance §§ 1402, 1405.
See the Index to Annotations under Insurance and Insurance
    Companies.

remanded the case to the trial court for a determination of
damages, holding that an insurer that has exhibited bad faith
in failing to settle a claim on behalf of its insured which results
in a judgment in excess of policy limits is liable for the excess
without regard to whether the insured has the capacity to pay.
433 Mich 525 (1989). Thereafter, the Supreme Court granted
rehearing. 433 Mich 1226 (1989).

Subsequent to oral argument on rehearing, the case was
remanded to the trial court for a determination of whether
Frankenmuth's acts of bad faith caused the excess judgment to
be entered against the defendant. On remand, the court, Earl
E. Borradaile, J., determined that Frankenmuth's acts of bad
faith did not result in the excess judgment entered against the
defendant. The defendant appeals, and the plaintiff cross-
appeals.

In an opinion by Chief Justice RILEY, joined by Justices
LEVIN, BRICKLEY, and GRIFFIN, the Supreme Court *held:*

Any acts of bad faith on the part of Frankenmuth did not
cause the excess judgment against Charles Keeley. The assess-
ment of damages for a breach of a duty to settle is limited to
the assets of the assignor not exempt from legal process. The
standard applies not only where an insurer fails to defend an
insured, but also where, as in this case, it is alleged that the
insurer, in bad faith, refused to settle.

Affirmed.

Justice ARCHER, joined by Justice CAVANAGH, dissenting,
stated that when an insurer has breached its duty to settle in
good faith and the insurer's bad-faith failure to settle results in
a judgment in excess of the policy's limit, the insurer is liable
for the excess judgment regardless of the insured's ability to
pay the judgment. Because, in this case, the trial court found
on remand that Frankenmuth's acts of bad faith did not result
in the excess judgment, the defendant cannot establish causa-
tion. Thus, Frankenmuth is not liable to the defendant for
damages resulting from the judgment entered against him in
the underlying tort action.

Contract damages typically are awarded to compensate a
party for its lost expectation interest which results in economic
damages. The general goal of contract damages is to place the
aggrieved party in the same economic position it would have
obtained had the contract been performed. In the context of
this case, the insurer's duty to settle a tort suit in good faith
formed part of the party's expectation interest, which is the
contractual right to be free from a judgment in excess of the
policy limits resulting from the insurer's bad-faith failure to

settle. The only way to place the insured in the same position as if the contract had been performed and to restore to the insured what was fairly bargained for by paying insurance premiums is for the insurer to be held liable for the excess judgment without regard to the insured's ability to pay. The view that damages are to be based upon the insured's financial status should be rejected.

In order for an insured to recover damages from an insurer for bad-faith failure to settle, the insured must establish that the insurer's failure to settle was in bad faith, that the insurer's bad-faith failure to settle resulted in a judgment in excess of the policy's limits, and that the insured has been damaged. In this case, the trial court on remand determined that Frankenmuth's acts of bad faith did not cause the excess judgment in the principal tort suit. The defendant thus could not establish causation, and Frankenmuth should not be held liable for damages resulting from the judgment entered against the defendant in the underlying tort action.

The trial court did not violate the law of the case doctrine in issuing new findings inconsistent with the original ruling of the Court of Appeals. That ruling was not the law of the case. Rather, the law of the case was the Supreme Court remand to the trial court to determine the issue of causation, superseding the ruling of the Court of Appeals.

Justice BOYLE, dissenting, stated that in light of the finding of the trial court on remand that any acts of bad faith by the insurer were not the cause of the excess judgment against Charles Keeley, the original opinion of the Supreme Court in this case should be vacated as moot. The finding of the trial court additionally removes any need for further consideration of the adoption of the judgment rule set out in that opinion or the modified version in the accompanying dissent.

INSURANCE — BAD-FAITH REFUSAL TO SETTLE — DAMAGES.

The assessment of damages for a breach by an insurer of a duty to settle is limited to the assets of its assignor not exempt from legal process; the standard applies where the insurer fails to defend an insured and where it, in bad faith, refuses to settle.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Rosalind Rochkind* and *Milton Lucow*), for the appellee.

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Robert L. Segar*), for the appellant.

Amici Curiae:

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Curtis R. Hadley*), for Michigan Association of Insurance Companies.

*Cheatham & Acker, P.C.* (by *Charles C. Cheatham, James G. Gross, Mary T. Nemeth,* and *Michael E. Hunt*), for Auto Club Insurance Association, Auto Club Group Insurance Company, Michigan Physicians Mutual Liability Company, Physicians Insurance Company of Michigan, and Transamerica Insurance Group.

ON REHEARING

RILEY, C.J. We granted rehearing[1] after our decision in *Frankenmuth Mutual Ins Co v Keeley,* 433 Mich 525, 528; 447 NW2d 691 (1989), in which we reversed the decision of the Court of Appeals and held "that when an insurer has exhibited bad faith in failing to settle a claim on behalf of its insured, and a judgment in excess of the policy limits results, the insurer is liable for the excess without regard to whether the insured has the capacity to pay." After hearing oral arguments on rehearing, this Court remanded the instant case to the trial court to determine whether Frankenmuth's acts of bad faith caused the excess judgment. On April 17, 1990, the trial court reaffirmed its conclusion that Frankenmuth acted in bad faith when it failed to discharge its attorney for representing the adverse interests of Frankenmuth and its insured, Mrs. Keeley, at the same time.[2]

---

[1] 433 Mich 1226 (1989).

[2] As a result, the trial court awarded $4,152 plus interest to Mrs. Keeley because she had to secure another attorney to represent her.

On May 23, 1990, the trial judge filed written supplemental findings and affirmed its decision of April 17, 1990. The court concluded that Frankenmuth's acts of bad faith with regard to Mrs. Keeley did not import a finding of bad faith with regard to Frankenmuth's representation of Charles Keeley. Moreover, the court reaffirmed its conclusion that any acts of bad faith did not cause the excess judgment against Charles Keeley. We agree and so hold.

More importantly, this Court's decision on the causal relationship between any bad faith and the excess judgment against Charles Keeley does not address the issue which this Court originally decided and granted rehearing to consider, namely, whether this Court should reconsider the version of the excess-judgment rule adopted in our original opinion, and adopt the rule set forth in Justice LEVIN's dissenting opinion. While this Court could simply vacate its original opinion upon the basis of bad faith and its causal relationship to the excess-judgment issues, we prefer to resolve the excess-judgment issue at this time.

However, unlike Justice ARCHER, we are now convinced that the rule articulated in Justice LEVIN's dissent represents the better measure of an insurer's liability when the insurer exhibits bad faith that causes a judgment against its insured in the underlying tort suit which exceeds the policy limits. Therefore, we adopt Justice LEVIN's dissent in the instant case. *Id.* at 546.

Accordingly, we affirm the result of the Court of Appeals.

LEVIN, BRICKLEY, and GRIFFIN, JJ., concurred with RILEY, C.J.

ARCHER, J. (*dissenting*). We granted rehearing

following our decision in *Frankenmuth Mutual Ins Co v Keeley,* 433 Mich 525; 447 NW2d 691 (1989), in which we held that an insurer is liable for a judgment in excess of its policy limits without regard to the insured's ability to pay when the insurer's bad-faith refusal to settle results in the excess judgment. 433 Mich 1226 (1989). Although I would reaffirm the rule of law and rationale set forth in that majority opinion, I would now affirm the decision of the Court of Appeals and would hold that, under the facts of this case, Frankenmuth is not liable to Keeley for the excess judgment.

I

At issue when we granted leave to appeal was whether Frankenmuth Mutual Insurance Company should be held liable to Charles Keeley for damages resulting from a judgment entered against him in the principal action. In the underlying tort suit, a judgment of $250,000 plus costs and interest was entered against Charles Keeley for the shooting of Joey Boone, who was rendered a quadriplegic.

Frankenmuth Mutual insured Charles Keeley through a homeowner's policy issued to Charles' mother, Wilma Keeley. On the day that Boone filed his tort suit, Frankenmuth filed the present action seeking a declaratory judgment that the shooting was intended and that Charles Keeley had no rights under the policy. Subsequently, the Keeleys and Joey Boone joined forces and counterclaimed.

Wilma Keeley counterclaimed for attorney fees, which, she alleged, resulted from Frankenmuth's bad-faith failure to settle the tort suit. The trial court rejected Frankenmuth's motion for summary

disposition against the counterclaim and awarded $4,152 in attorney fees. By awarding attorney fees, the court held that Frankenmuth's failure to settle was done in bad faith. 433 Mich 531. See also 433 Mich 545, n 1 (BOYLE, J., concurring).

Charles Keeley also counterclaimed for damages resulting from Frankenmuth's bad-faith failure to settle the tort suit. Frankenmuth's policy provided liability coverage of up to $50,000. Charles Keeley alleged that Frankenmuth refused in bad faith to settle the tort case, despite several compromise offers of $50,000. Consequently, he alleged that the $250,000 tort judgment, which was $200,000 in excess of Frankenmuth's liability coverage and included interest and costs, resulted from Frankenmuth's bad-faith failure to settle. 433 Mich 530-531.

Frankenmuth also moved for summary disposition against Charles Keeley's counterclaim. The trial court granted the motion and held that any damages Frankenmuth owed Charles Keeley resulting from Frankenmuth's bad-faith failure to settle the tort suit were limited by what Joey Boone could have recovered from Charles Keeley absent insurance coverage: those assets not exempt from legal process. 433 Mich 532. See also *Stockdale v Jamison,* 416 Mich 217; 330 NW2d 389 (1982).

The Court of Appeals unanimously affirmed[1] and remanded the case to the trial court to determine the extent of Charles Keeley's assets not exempt from legal process and to enter judgment in that amount. 433 Mich 532. See also 433 Mich 546-547 (LEVIN, J., dissenting).

Subsequently, we granted leave to appeal lim-

[1] *Frankenmuth Mutual Ins Co v Keeley,* unpublished opinion per curiam of the Court of Appeals, decided August 19, 1987 (Docket No. 89615).

ited to whether the lower courts applied the correct measure of damages to Charles Keeley's counterclaim. 430 Mich 857 (1988). We concluded the lower courts did not, and held that when an insurer's bad-faith refusal to settle results in a judgment in excess of its policy limits, the measure of damages is the amount of the excess judgment, and that the insured is not required to first make payment or to have the capacity to pay the judgment in order to recover damages from the insurer. 433 Mich 544. Consequently, we rejected Frankenmuth Mutual's argument that an insured is injured and incurs pecuniary losses recoverable as contract damages only by paying or having the ability to pay the judgment. We reasoned that, in the bad-faith failure-to-settle context, the insured's injury and right to compensation should turn not upon his financial status, but rather upon the consequences flowing from the excess judgment itself,[2] which "constitute actual damages in the most traditional sense." 433 Mich 540.

Following our decision, we granted rehearing. 433 Mich 1226 (1989).

II

Frankenmuth first argues on rehearing that we should abandon the rule set forth in our previous opinion and instead adopt the rule articulated by the dissent. See 433 Mich 546 (LEVIN, J., dissenting). Under the majority opinion, Frankenmuth maintains that, contrary to traditional contract

---

[2] We, however, are in express agreement with the majority of jurisdictions that has held that an insured person with little or no assets suffers injury when an excess judgment is obtained against him. Such a judgment will potentially impair his credit, force him into bankruptcy, diminish his reputation, subject his outright property to lien, and immediately subject any future earnings to possible garnishment. [433 Mich 540.]

theory, damages would not be awarded as compensation for an actual economic injury unless the insured first has the ability to pay the judgment. By awarding the full amount of the excess judgment without regard to the extent of the insured's assets not exempt from legal process, Frankenmuth claims that there is no reasonable relationship between the measure of damages, which is the excess judgment, and any loss that in fact has been incurred as a result of the insurer's breach of its contractual duty to settle a claim in good faith. Consequently, Frankenmuth reasons that the measure of damages more closely resembles an award of liquidated damages, which, under these circumstances, would be punitive in nature and should be held unenforceable. The philosophical ramification of this decision, Frankenmuth concludes, is that this Court has invaded the province of the Legislature by seeking to penalize the insurance industry as a whole for what this Court misperceives to be an industry-wide pattern of abusive business practices. I disagree.

The rule that Frankenmuth proposes and that the majority now adopts will result in a windfall for the insurer and would fail to compensate an insured for its lost expectation interest. Although the majority quite properly would not require a judgment debtor under these circumstances to pay the judgment as a precondition to recovering damages, the "compromise" (see 433 Mich 565) misses the mark in concluding that a judgment debtor lacking the ability to pay the judgment has incurred no economic loss for which contract damages may be awarded.

Contract damages, as the majority and the parties properly note, are typically awarded to compensate for a party's lost expectation interest resulting in economic damages. 433 Mich 556-557.

The general goal of contract damages is " 'to place the aggrieved party in the same economic position he would have had *if the contract had been performed.'* . . . [Calamari & Perillo, Contracts (3d ed), § 14-4, p 591.]" 433 Mich 557, n 20 (LEVIN, J., dissenting). (Emphasis added.)

In the context of the case before this Court, the insurer's duty to settle a tort suit in good faith forms a part of the party's expectation interest, which is the contractual right to be free from a judgment in excess of the policy limits resulting from the insurer's bad-faith failure to settle. The only way to place the insured in the same position as if the contract had been performed and to restore to the insured what was fairly bargained for by paying insurance premiums is for the insurer to be held liable for the excess judgment without regard to the insured's ability to pay. I thus again reject the view adopted by other jurisdictions that the inquiry should rest upon the insured's financial status. Instead, I merely would hold that when an insurer has breached its duty to settle in good faith and the insurer's bad-faith failure to settle results in a judgment in excess of the policy's limits, the insurer is liable for the excess judgment regardless of the insured's ability to pay the judgment.

III

Frankenmuth's second argument on rehearing is that, on the facts of this case, it should not be held liable to Charles Keeley for damages under the rule of law I would reaffirm today. Frankenmuth contends, and I agree, that our holding requires Charles Keeley to establish three elements in order to recover damages. First, the insurer's failure to settle was in bad faith. Second, the insurer's

bad-faith failure to settle resulted in a judgment in excess of the policy's limits. Third, the insured has been damaged.

Frankenmuth claims that the second element, causation, had not been established on the record before this Court when leave to appeal was granted. In other words, Frankenmuth argues that the lower courts had not yet determined whether any bad faith on the part of Frankenmuth resulted in the excess judgment.

Subsequent to oral argument before this Court on March 7, 1990, I agreed with Frankenmuth that our previous opinion was limited to determining the correct measure of damages to be applied in a failure-to-settle case. Consequently, I also agreed that, on the record then before this Court, the causation issue had not yet been decided and that a remand to the trial court would be necessary. Our Court then remanded the case and ordered the trial court to determine whether Frankenmuth's acts of bad faith caused the excess judgment to be entered against Charles Keeley. 434 Mich 1206 (1990). We also retained jurisdiction.

On remand, the Genesee Circuit Court determined at a hearing held April 17, 1990, that Frankenmuth's acts of bad faith did not result in the excess judgment entered against Charles Keeley. As to the issue of bad-faith conduct, the trial court found that Frankenmuth acted in bad faith when it failed to discharge Mr. Buck, whom Frankenmuth had retained to represent the Keeleys in the tort action, when he breached his duty of fidelity by providing Frankenmuth with detailed information detrimental to the Keeleys' defense and, ultimately, their claim for insurance coverage.

More importantly, however, the trial court also ruled that Frankenmuth's acts of bad faith did not

result in the excess judgment. The trial court concluded that, although Frankenmuth also acted in bad faith by initially failing to disclose the full amount of insurance coverage, Frankenmuth did not act in bad faith by waiting to file the declaratory judgment action until Boone first filed his tort suit. Even though Frankenmuth acted with "overcaution" and failed to investigate the claim as early as it should have, the trial court could not conclude that Frankenmuth's failure to settle before the trial court decided the declaratory judgment action caused the $250,000 judgment in the underlying suit.

Following the trial court's findings delivered from the bench, Charles Keeley moved for reconsideration. The trial court denied reconsideration in a written opinion issued May 23, 1990. The court analyzed the issue of bad faith in light of the twelve factors set forth in *Commercial Union Ins Co v Liberty Mutual Ins Co,* 426 Mich 127, 138-139; 393 NW2d 161 (1986), and again found that Frankenmuth's acts of bad faith did not cause the judgment in the principal tort suit.

The parties filed supplemental briefs in this Court to address the circuit court's findings on remand. The original Court of Appeals opinion held that appellant was entitled to recover from the appellee for damages resulting from appellee's bad-faith conduct. The Supreme Court denied leave to appeal on the issue of bad faith. Thus, appellant contends, the Court of Appeals decision remained the law of the case on the issue of bad faith. The trial court, therefore, violated the law of the case doctrine in issuing its new findings inconsistent with the original ruling of the Court of Appeals.

Appellee, however, asserts that the case remained pending before this Court, and so the law

of the case doctrine is inapplicable. I agree. The original Court of Appeals decision did not constitute the law of the case. Rather, this Court remanded the case to the trial court in order to determine the issue of causation. The law of the case announced in this Court supersedes the intermediate Court's opinion. See *Johnson v White,* 430 Mich 47, 53; 420 NW2d 87 (1988).

Appellant next contends that the trial judge's findings regarding causation are clearly erroneous. A review of the evidence in this case demonstrates that the judge's findings are not clearly error.

### CONCLUSION

I would hold that an insurer is liable for a judgment in excess of its policy limits without regard to the insured's ability to pay when the insurer's bad-faith refusal to settle results in the excess judgment. However, because the trial court on remand found that Frankenmuth's acts of bad faith did not result in the excess judgment, Charles Keeley cannot establish causation under the rule I would reaffirm today. Consequently, I would hold that Frankenmuth is not liable to Charles Keeley for damages resulting from the judgment entered against him in the underlying tort action. I would therefore affirm the trial court's order granting Frankenmuth's motion for summary disposition against Charles Keeley's counterclaim for damages.

CAVANAGH, J., concurred with ARCHER, J.

BOYLE, J. (*dissenting*). In light of the trial court's finding on remand that any acts of bad faith by the insurer were not the cause of the excess judg-

ment against plaintiff Keeley, I cannot agree with the determination of the majority to adopt the rule stated in Justice LEVIN's dissent from our original decision in this case, *Frankenmuth Mutual Ins Co v Keeley,* 433 Mich 525; 447 NW2d 691 (1989). The finding by the trial court removes any need for this Court to further consider the adoption of either the judgment rule described in our original decision or Justice LEVIN's modified version thereof.

However, since the trial court's finding with respect to the cause of the excess judgment against Keeley also removes the factual premise of our original opinion—i.e., that acts of bad faith by the defendant insurer caused the excess judgment—I agree that the opinion should not stand. I would therefore vacate the *Frankenmuth* opinion as effectively "moot" in light of the findings below. I would not retain jurisdiction.