**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 24, 2005**

J & J FARMER LEASING, INC.,
FARMER BROTHERS TRUCKING CO.,
INC., CALVIN ORGANE RICKARD, JR.,
and JAMES W. RILEY, as Personal
Representative of the ESTATE OF
SHARYN ANN RILEY, Deceased,

    Plaintiffs-Appellees,

v                                  No. 125818

CITIZENS INSURANCE COMPANY OF
AMERICA,

    Defendant-Appellant.
_____

PER CURIAM.

    At issue is whether a covenant not to sue a party is indistinguishable from a release and, thus, results in a bar to suits against a covenantee's tortfeasor by a covenantee's assignee. The Court of Appeals concluded that the instruments are indistinguishable and, accordingly, that a covenantee's assignee (the covenantor) would be barred in a suit against the tortfeasor. We disagree and vacate that part of the judgment. The Court of Appeals

correctly concluded for other reasons that the covenantor was not released. Yet the Court unnecessarily relied on a misapplication of *Frankenmuth Mut Ins Co v Keeley (On Rehearing),* 436 Mich 372; 461 NW2d 666 (1990), so we vacate that portion of the Court's analysis. This case is remanded to the Washtenaw Circuit Court for further proceedings consistent with this opinion.

I

Sharyn Riley was killed when her vehicle was struck by a truck owned by J & J Farmer Leasing, Inc. (or Farmer Brothers Trucking Company, Inc.),[1] operated by their employee Calvin Rickard, Jr., and insured by Citizens Insurance Company. Rickard was at fault. James Riley, as the personal representative of Sharyn Riley's estate,[2] sued Farmer under a wrongful death theory and Citizens assumed Farmer's defense. Riley obtained a jury verdict of $3.2 million against Farmer, which exceeded the $750,000 limits of the Citizens policy. Thus, Farmer, after Citizens tendered its policy limits, remained liable for the $2.45 million balance of the judgment.

---

[1] For ease of reference, we will refer to these parties jointly as "Farmer."

[2] For ease of reference, we will refer to Sharyn Riley's estate as "Riley."

2

Farmer, believing that the case could have settled for the policy limits but for Citizens' bad faith in pursuing settlement negotiations, assigned to Riley its cause of action against Citizens for bad-faith failure to settle.[3] As part of the agreement between Riley and Farmer, Riley agreed not to sue to collect the excess judgment of $2.45 million from Farmer as long as Farmer cooperated in the suit against Citizens.[4]

After Riley and Farmer filed suit, Citizens moved for summary disposition, MCR 2.116(C)(10), arguing that under the agreement Riley had released its underlying claim against Farmer for the excess judgment and, thus, Farmer's surety, Citizens, was also released. That is, because the principal was released, so was the surety. The circuit court denied the motion, reasoning that the joint agreement

---

[3] Michigan recognizes an insured's claim against its insurer for bad faith in refusing to settle. See *Commercial Union Ins Co v Liberty Mut Ins Co,* 426 Mich 127; 393 NW2d 161 (1986); *Wakefield v Globe Indemnity Co,* 246 Mich 645; 225 NW 643 (1929).

[4] In particular, as relevant here, the agreement sets out Farmer's desire to pursue a bad-faith claim and Riley's desire to recover the full judgment. It continues by stating that the parties will pursue a joint lawsuit against Citizens, Riley will control the lawsuit, Farmer will cooperate fully or the agreement may be rendered null and void, any recovery will go to Riley (with an exception for $20,000 for attorney fees incurred by Farmer), and Riley will in return "forever forbear" from collecting any judgment from Farmer.

was in the nature of a covenant not to sue and not a release because, under certain conditions, Riley could proceed against Farmer to collect the underlying judgment.

The Court of Appeals granted Citizens' application for leave to appeal and subsequently affirmed on a different basis than the trial court. While the Court held that the trial court reached the right result because of its understanding of the intent and purpose of our decision in *Frankenmuth Mut Ins Co v Keeley (On Rehearing),* 436 Mich 372; 461 NW2d 666 (1990), the panel held that the agreement itself was a release because it "operates to release" Farmer from the underlying excess judgment.[5]

Citizens applied for leave to appeal in this Court. It argued that the covenant not to sue in the agreement effectively operated as a release. Therefore, under *Keeley, supra,* plaintiffs' claim must fail because Farmer had not suffered any pecuniary loss as a result of Citizens' alleged bad faith in failing to settle the underlying lawsuit. We entertained oral argument on this matter in lieu of granting leave to appeal under MCR

---

[5] *J & J Farmer Leasing, Inc v Citizens Ins Co of America,* 260 Mich App 607, 621; 680 NW2d 423 (2004).

4

7.302(G)(1)[6] and now resolve Citizens' application for leave to appeal.

## II

We review a summary disposition ruling de novo to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood,* 461 Mich 109, 118; 597 NW2d 817 (1999). We view the evidence in the light most favorable to the party opposing the motion. *Id.* at 120.

## III

There is a material difference between a covenant not to sue and a release. A release immediately discharges an existing claim or right. In contrast, a covenant not to sue is merely an agreement not to sue on an existing claim. It does not extinguish a claim or cause of action. The difference primarily affects third parties, rather than the parties to the agreement. *Theophelis v Lansing Gen Hosp,* 430 Mich 473, 492 n 14; 424 NW2d 478 (1988) (Griffin, J.); *Industrial Steel Stamping, Inc v Erie State Bank,* 167 Mich App 687,693; 423 NW2d 317 (1988).

As the circuit court concluded, the agreement in this case is a covenant not to sue. Additionally, the covenant

---

[6] 471 Mich 940 (2004).

not to sue is not absolute but, rather, is conditioned on the covenantee, Farmer, performing certain duties in the litigation against Citizens. Only if Farmer performs these duties does Riley's covenant not to sue on the underlying excess judgment become absolute and release Farmer of all liability to Riley.

This analysis resolves this matter. No resort to *Keeley* to reach the same conclusion was necessary.

## IV

In conclusion, the Court of Appeals incorrectly held that the covenant not to sue was a release and it needlessly relied on *Keeley*. Accordingly, the Court of Appeals opinion, insofar as it dealt with the release and covenant not to sue issue, is vacated. Its analysis regarding *Keeley* is also vacated. The circuit court correctly found that the joint agreement was a covenant not to sue and, therefore, summary disposition was appropriately denied. This matter is remanded to the circuit court for further proceedings.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

6