# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD AMBLER,

Plaintiff-Appellant,

v

RANDY THOMPSON,

Defendant-Appellee.

UNPUBLISHED
March 29, 2016

No. 325042
Tuscola Circuit Court
LC No. 13-027774-CZ

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's award of damages in his favor for breach of contract and denial of his claim for conversion.[1] After a bench trial, the court dismissed plaintiff's counts for unjust enrichment, common-law conversion, statutory conversion under MCL 600.2919a, fraud, and innocent misrepresentation, and awarded him $1,800 on the breach of contract claim. We affirm the trial court's denial of plaintiff's conversion claim, and although we affirm the trial court's finding that defendant is liable for breach of contract, we vacate the award and remand for the trial court to recalculate damages.

This matter arises out of an agreement between the parties under which defendant was to restore plaintiff's 1967 Chevrolet Camaro, which was in a state of some disrepair, and upgrade it to be a "pristine" "show car." There is no dispute that defendant failed to do so, and almost four years later, plaintiff retrieved the vehicle, which was by then disassembled and had been stripped of its paint. Plaintiff alleges that it had also sustained further damage and was missing a number of components. Plaintiff had paid defendant $14,300 of the $17,500 total contract price. Plaintiff contended that defendant cost him either $22,800, representing what he paid on the contract and the value of the damaged or missing parts, or $33,300, representing the estimated value of the vehicle had defendant fully performed. Defendant contended that he performed

---

[1] Plaintiff also appeals the trial court's award of sanctions in favor of defendant under MCR 2.114, but we lack jurisdiction to entertain that appeal and therefore do not address it. MCR 7.202(6)(a)(iv); *McDonald v Stroh Brewery Co*, 191 Mich App 601, 609; 478 NW2d 669 (1991); *Gracey v Grosse Pointe Farms Clerk*, 182 Mich App 193, 197; 452 NW2d 471 (1989).

-1-

valuable work on the Camaro, that plaintiff's list of missing items was highly dubious, and of the amount plaintiff had paid, only $1,800 was unearned.

"We review the trial court's findings of fact in a bench trial for clear error and conduct a review de novo of the court's conclusions of law." *Chapdelaine v Sochocki*, 247 Mich App 167, 169; 635 NW2d 339 (2001). The clear error standard recognizes the possibility that more than one result might be permissible and affords considerable deference to the trial court, so this Court will only reverse if the trial court's conclusion is devoid of evidentiary support or so dubiously supported that we are definitely and firmly convinced that it made a mistake. *Hill v City of Warren*, 276 Mich App 299, 308-309; 740 NW2d 706 (2007). However, the clear error standard is less deferential than the abuse of discretion standard. See *Herald Co, Inc v Eastern Michigan Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). The trial court's determination of the amount of damages is a factual finding reviewed for clear error. MCR 2.613(C); *Grand/Sakwa of Northfield, LLC v Northfield Twp*, 304 Mich App 137, 144; 851 NW2d 574 (2014).

The trial court's opinion indicates that the trial court seemingly accepted defendant's contention that he performed $12,500 worth of work out of the $14,300 he was paid at face value and deemed the discrepancy to be the measure of damages for plaintiff's breach of contract claim. We find that conclusion erroneous because the trial court appears to have applied an unjust enrichment theory rather than a breach of contract theory.

"In an action based on contract, the parties are entitled to the benefit of the bargain as set forth in the agreement." *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 54; 731 NW2d 94 (2006). "The purpose of awarding damages in a breach of contract action is to place the injured party in as good a position as would have been enjoyed had the contract been fully performed." *Om-El Export Co, Inc v Newcor, Inc*, 154 Mich App 471, 478; 398 NW2d 440 (1986); see also *Corl v Huron Castings, Inc*, 450 Mich 620, 625 n 7; 544 NW2d 278 (1996). Unjust enrichment, in contrast, is an equitable theory under which a defendant receives some benefit from the plaintiff that would be inequitable for the defendant to retain. *Hollowell v Career Decisions, Inc*, 100 Mich App 561, 570; 298 NW2d 915 (1980).

The substance of the parties' agreement in this case, which is not in dispute, was a show-ready car in exchange for $17,500. The evidence established that plaintiff had so far paid defendant $14,300. The trial court apparently found defendant to be a more credible witness than plaintiff, but nonetheless, defendant's own testimony estimated that the value of his labor was in fact only $1,080, although he contended that he supplied parts and materials worth a significant amount of money, and, critically, that it would cost at least $8,000 to $10,000 to finish work on the car, and possibly more if it needed a new engine. Plaintiff undisputedly did not receive a show-ready, or even functional, car, irrespective of whether anything was actually missing or damaged afterwards that had not been missing or damaged at the outset.

"Contract damages seek to place the aggrieved party in the same economic position he would have been in had the contract been performed." Frankenmuth *Mut Ins Co v Keeley*, 433 Mich 525, 557; 447 NW2d 691 (1989) (dissent of Levin, J., adopted by the majority on rehearing, 436 Mich 372, 375-376; 461 NW2d 666 (1990)) (emphasis omitted). "The objective is not to cause promisors to perform, but rather to encourage promisees to rely on promises, and

this is done by securing the 'expectation interest' through awarding damages for the economic loss suffered by the promisee." *Id.*, 433 Mich at 557-558 (emphasis omitted). Indeed, this has always been the case: the appropriate remedy for a breach of contract is "to make compensation adequate to the real injury sustained, and to place the injured party, so far as money can do it, in the same position he would have occupied if the contract had been fulfilled." *Hammond v Hannin*, 21 Mich 374, 384 (1870). The breaching party must "make good on the promise," even if the cost of doing so is more than was originally contemplated, although the breaching party cannot be held liable for the cost of a substitute contract that goes beyond the originally intended result. *Dierickx v Vulcan Indus*, 10 Mich App 67, 71-74; 158 NW2d 778 (1968). In the alternative, if less economic waste would ensue, damages for breach of contract may properly be the difference in value between the car in its present condition and the car in the condition it should have been in had the contract been performed. *Schultz v Sapiro*, 23 Mich App 324, 327; 178 NW2d 521 (1970).

We do not purport to conclude what damages are appropriate in this matter. However, the trial court's opinion makes it clear that it applied an incorrect theory in arriving at the damages it did award. The difference between the amount paid to defendant and the amount earned by defendant is a measure of defendant's ill-gotten gain, not necessarily a measure of plaintiff's loss. The trial court's award failed to account for defendant's own testimony that there was considerably more work that needed to be done on the vehicle. We appreciate that the cost of finishing the restoration could only be estimated, but damages need not be computable with mathematical precision to be non-speculative. *Health Call of Detroit v Atrium Home & Health Care Servs, Inc*, 268 Mich App 83, 96-97; 706 NW2d 843 (2005). The trial court's award must be vacated, and the matter must be remanded for a calculation of damages based on plaintiff's loss rather than defendant's gain.

Conversely, however, the trial court did not err in dismissing plaintiff's conversion claims. "[T]he scope of a common-law conversion is now well-settled in Michigan law as any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 351-352; 871 NW2d 136 (2015) (internal quotation marks and citation omitted). A claim for statutory conversion, MCL 600.2919a(1)(a), adds the requirement that "someone alleging conversion to the defendant's 'own use' under MCL 600.2919a(1)(a) must show that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Id*. at 353, 359. The Court warned that "not every common-law conversion is to the converter's 'own use,'" and thus the statute applies to a narrower range of circumstances. *Id*. at 359.

Plaintiff presented no receipts, photographs, or even affidavits to support his assertion that the engine was destroyed during the time it was in defendant's care. Even assuming as true plaintiff's assertions that the engine was working at some point before defendant took possession of it, the only testimony regarding the value and original condition of the engine was plaintiff's statement that he had paid $3,500 for it. There was no testimony regarding when it was bought or any testimony regarding how long the vehicle had not been running. Nor did plaintiff present admissible evidence regarding the value of the parts he allegedly lost. All that was before the trial court was plaintiff's assertion that the list he produced identified parts that were missing when the car was returned and defendant's assertion that "he claimed that parts weren't returned

when, in fact, they were," which the trial court found more credible. This is sufficient to find that plaintiff did not prove his case by a preponderance of the evidence. *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) ("'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth").

We affirm the trial court's decision regarding plaintiff's claim of conversion and reverse the $1,800 award on the breach of contract claim and remand for a recalculation of damages in accordance with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-4-